UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVE MURPHY,

    Plaintiff,

v.                                  Case No. 8:14-cv-371-T-33TBM

MORAN FOODS, LLC,

    Defendant.
_____/

**ORDER**

This cause comes before the Court in consideration of Plaintiff Dave Murphy's Motion to Remand (Doc. # 13), filed on March 10, 2014.[1] Defendant Moran Foods, LLC filed a response in opposition to the Motion (Doc. # 14) on March 11, 2014. For the reasons that follow, the Motion is denied.

**I.  Background**

This personal injury action arises from an incident occurring on June 26, 2012, wherein Murphy allegedly slipped and fell on the premises of a store leased by Moran Foods. (Doc. # 2 at ¶¶ 3, 5). On January 10, 2014, Murphy filed the

---

[1] The Court notes that Murphy filed an earlier Motion to Remand on March 4, 2014. (Doc. # 9). Also noteworthy, the Motion to Remand filed on March 10, 2014, contains two separate copies of the same motion. (Doc. # 13). From the Court's review, all three Motions to Remand filed by Murphy appear substantially identical. Thus, the Court intends the present Order to apply to all three Motions.

instant action against Moran Foods in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida. (Doc. # 2). On February 12, 2014, Moran Foods filed a Notice of Removal in this Court, alleging diversity jurisdiction. (Doc. # 1 at 3). There is no dispute that the parties are of diverse citizenship; Moran Foods is a citizen of the states of Missouri and Delaware, and Murphy is a citizen of the state of Florida. (<u>Id.</u>). However, Murphy claims that Moran Foods has not borne its burden of demonstrating that the amount in controversy exceeds $75,000. (Doc. # 13 at 3).

## II. **Legal Standard**

Section 1441 of Title 28 of the United States Code provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). United States District Courts have original jurisdiction over all civil actions between parties of diverse citizenship where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

In this case, the only question is whether the amount in controversy exceeds the $75,000 jurisdictional threshold.

In Williams v. Best Buy Company, Inc., 269 F.3d 1316, 1319-20 (11th Cir. 2001), the Eleventh Circuit held that if the requisite jurisdictional amount is not facially apparent from the complaint, as is the case here, the district court should look to the notice of removal and may require the defendant to submit evidence supporting its claim. "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." Id.

"Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Id. at 1319. "Any doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court." Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294 (11th Cir. 2008).

**III. Discussion**

Murphy's Complaint makes an unspecified demand for damages, alleging only that Murphy's damages resulting from

3

the alleged slip-and-fall exceed the sum of $15,000. (Doc. # 2 at 3). Murphy claims the incident has resulted in "bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish . . . [and] loss of earnings," among other injuries. (Id.). Within the Motion to Remand, Murphy argues that "Moran [Foods'] basis for their Notice of Removal, along with its Supplement, is based on (1) [t]he amount of medical bills charged to [Murphy] but not actually owed[,] (2) [d]amages claimed on the face of the complaint, and (3) [a] settlement demand made by a prior law firm representing Murphy. Clearly, these papers do not amount to a preponderance of the evidence . . . establishing that the amount in controversy exceeds $75,000 . . . ." (Doc. # 13 at 3).

Indeed, Moran Foods relies heavily on the following documents in its response opposing the Motion: (1) a letter from Murphy's previous attorney in this matter, dated March 20, 2013, providing that Murphy's medical bills amount to $74,959.39 with "$72,138.31 outstanding," and making a general demand for $250,000 (Doc. # 1-3), and (2) a letter written by Murphy's current counsel, dated December 3, 2013, explaining that Murphy's medical expenses total $77,991.99, of which "Mr. Murphy's current out-of-pocket expense is

4

$19,354.88" (Doc. # 13-1 at 2). Moran Foods urges the Court to find that, on the basis of these documents, it has demonstrated by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold.[2]

The first letter is less informative than the second. Although it refers to certain enclosed "medical records and bills" supporting a total amount of $74,959.39, those attachments are not currently before the Court. (Doc. # 1-3 at 1). Furthermore, the demand for $250,000 is unsupported by an explanation of specific medical needs or other expenses that might justify this amount as a reasonable assessment of the value of the case. (Id. at 2). The Court finds that the $250,000 demand is "nothing more than posturing by plaintiff's counsel for settlement purposes and cannot be considered a reliable indicator of the damages plaintiff is seeking." Standridge v. Wal-Mart Stores, Inc., 945 F. Supp. 252, 256 (N.D. Ga. 1996).

---

[2] Moran Foods also emphasizes Murphy's refusal to limit his damages to less than $75,000 in exchange for Moran Foods' stipulation to remand the case to state court. (Doc. # 14 at 6). However, Murphy's unwillingness to stipulate to the amount in controversy is not dispositive. The Eleventh Circuit has explained that there are several reasons why a plaintiff might not agree to such a stipulation; thus, Murphy's refusal to stipulate, standing alone, does not satisfy Moran Foods' burden of proof. See Williams, 269 F.3d at 1320.

5

The second letter, however, contains an itemization of expenses as follows:

```
Largo Medical Center                    $1,478.52
Russell Emergency Physicians            $927.00
DJO Healthcare Services, LLC            $101.02
Gulf to Bay Anesthesiology              $1,139.60
Hess Spinal Centers                     $16,255.00
St. Petersburg Medical Center           $33,303.29
Bay Sports Orthopaedic Specialists      $23,445.00
Westcoast Radiology                     $1,342.56
                             Total:     $77,991.99
```

(Doc. # 13-1 at 2).

Although Murphy concedes in the Motion to Remand that Moran Foods "correctly stated the total amount of medical bills charged to the Plaintiff, which at this time is $77,991.99," (Doc. # 13 at 8), Murphy maintains that this Court must look to the amount of medical expenses "actually owed" – only $19,354.88 – and determine that the amount-in-controversy requirement remains unsatisfied. (Id. at 8-9). In response, Moran Foods argues that Murphy "has offered no legal support" for his position that the Court should "define[] the jurisdictional threshold as 'amount owed' as opposed to the 'amount in controversy.'" (Doc. # 14 at 4).

Murphy provides the following factual explanation for his position:

> On December 3, 2013, Murphy's counsel mailed to Adjuster Mary Jo Savage a letter outlining medical damages and a request to re-evaluate the claim. [

6

>] That letter stated the total bills incurred were $77,991.99, [and] that Medicare made payments of $4,699.86 and Medicaid made payments of $691.00. The letter went on to provide that because of payments by Medicare/Medicaid and adjustments the out-of-pocket medical expenses were now only $19,354.88.

(Doc. # 13 at 8). However, Moran Foods correctly recognizes that Murphy's factual explanation is unaccompanied by legal authority to support his "out-of-pocket" amount-in-controversy theory.

The Court agrees with Moran Foods that the facts of this case resemble Stramiello v. Petsmart, Inc., No. 8:10-cv-659-T-33TGW, 2010 WL 2136550 (M.D. Fla. May 26, 2010), also a slip-and-fall case.  In Stramiello, the plaintiffs (the injured individual and her husband) filed suit against Petsmart and alleged that Carol Stramiello slipped on a puddle of water while shopping and fell due to Petsmart's negligent failure to maintain a safe premises.  Id. at *1.  Petsmart removed the case to this Court after receiving documentation from the Stramiellos showing total medical bills for Carol Stramiello in the amount of $108,351.92.  Id.  Like Murphy in the instant case, the Stramiellos contended that any medical bills related to Carol Stramiello's accident should be discounted due to the fact that most of the bills had already been paid by the Stramiellos' insurance company.  Id.

7

The Court found that the Stramiellos' medical bills appropriately established the required amount in controversy, reasoning that "the Court must look to the amount in controversy at the time of removal. It is well settled that a plaintiff cannot defeat subject matter jurisdiction by reducing his or her claim after removal has taken place." Id. at *3. The Court additionally explained that "[i]t therefore logically follows that subject matter jurisdiction is not defeated simply because the parties might anticipate a future reduction in recoverable damages." Id. at *4.

In this case, Murphy explains that he calculated his $19,354.88 out-of-pocket expenses by reducing the total amount by "payments by Medicare and Medicaid and adjustments." (Doc. # 13-1 at 2). Murphy has not provided the Court with any specific information regarding whether these payments and unspecified "adjustments" have already occurred, whether they have been guaranteed for payment at some later date, or whether they are merely expected to occur.

"[A]ny set-off to which [a party] may be entitled is irrelevant at the jurisdictional stage, as the Court must look at the amount in controversy at the time of removal." Black v. State Farm Mut. Auto. Ins. Co., No. 10-cv-80996-CIV, 2010 WL 4340281, at *2 (S.D. Fla. Oct. 22, 2010). Even if

8

the Court were to reduce the amount of medical expenses by the only reductions particularized by Murphy – the Medicare and Medicaid payments of $4,699.86 and $691.00, respectively – $72,601.13 in medical expenses would remain. This amount does not account for any ongoing damages Murphy may incur as a result of his alleged "disability, disfigurement, mental anguish, loss of earning, [and] loss of ability to earn money," which Murphy contends "are permanent and will continue into the future." (Doc. # 1 at ¶ 3).

The Court is mindful that jurisdiction cannot be founded on speculation as to the amount in controversy. See Lowery v. Ala. Power Co., 483 F.3d 1184, 1215 (11th Cir. 2007) ("The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars."). However, impermissible speculation does not preclude jurisdiction "when a removing defendant makes specific factual allegations establishing jurisdiction and can support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations. That kind of reasoning is not akin to conjecture, speculation, or

9

stargazing." <u>Pretka v. Kolter City Plaza II, Inc.</u>, 608 F.3d 744, 754 (11th Cir. 2010).

In this case, the Court finds that Murphy's stipulated medical expenses of $77,991.99 establish the required amount in controversy. Furthermore, even if the Court were to deduct the specific payments Murphy alleges have already been paid by Medicare and Medicaid, the Court finds it appropriate to reasonably infer that the damages associated with Murphy's claims of "disability, disfigurement, mental anguish, loss of earning, [and] loss of ability to earn money," will amount to more than the difference between the reduced amount of $72,601.13 and the required amount in controversy of $75,000. Murphy offers no support for his contention that the amount in controversy should be limited to his "out-of-pocket" medical costs, and he additionally provides no information regarding the general "adjustments" he alleges should reduce the overall amount of his stipulated medical expenses. Accordingly, because any setoff to which Murphy may be entitled is irrelevant at the jurisdictional stage, the Court finds the amount in controversy to be satisfied.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Plaintiff Dave Murphy's March 10, 2014, Motion to Remand (Doc. # 13) is **DENIED**.

(2) Plaintiff Dave Murphy's March 4, 2014, Motion to Remand (Doc. # 9) is **DENIED AS MOOT**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 14th day of March, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record